RE: EXPENDITURES OF LIMITED MUNICIPAL SALES TAXES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF MARCH 7, 1988, REGARDING THE ABILITY OF A MUNICIPALITY TO UTILIZE THE PROCEEDS OF A LIMITED SALES TAX LEVY IN AREAS OTHER THAN THOSE FOR WHICH THE LEVY WAS INITIALLY AUTHORIZED. INSOFAR AS THE ANSWER TO YOUR QUESTION IS EVIDENT FROM A PLAIN READING OF THE STATUTES GOVERNING SUCH LEVIES, AND/OR HAS BEEN ALREADY RESOLVED BY A PRIOR OPINION ISSUED BY THIS OFFICE, HE HAS ASKED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER.
UNDER THE TERMS OF 68 O.S. 2701 (1987), ANY INCORPORATED CITY OR TOWN IN THIS STATE IS AUTHORIZED TO ASSESS, LEVY, AND COLLECT SALES TAXES FOR BOTH GENERAL AND LIMITED PURPOSES OF MUNICIPAL GOVERNMENT. SUBSECTION (B) OF SECTION 2701 STATES: (68 O.S. 2701(B))
"B. A SALES TAX AUTHORIZED IN SUBSECTION A OF THIS SECTION MAY BE LEVIED FOR LIMITED PURPOSES SPECIFIED IN THE ORDINANCE LEVYING THE TAX. SUCH ORDINANCE SHALL BE SUBMITTED TO THE VOTERS FOR APPROVAL AS PROVIDED IN SECTION 68 O.S. 2705 OF THIS TITLE. SUCH ORDINANCE SHALL DESCRIBE WITH SPECIFICITY THE PROJECTS OR EXPENDITURED FOR WHICH THE LIMITED-PURPOSE TAX LEVY WOULD BE MADE. THE MUNICIPAL GOVERNING BODY SHALL CREATE A LIMITED-PURPOSE FUND AND DEPOSIT THEREIN ANY REVENUE GENERATED BY ANY TAX LEVIED PURSUANT TO THIS SUBSECTION. MONEY IN THE FUND SHALL BE ACCUMULATED FROM YEAR TO YEAR. THE FUND SHALL BE PLACED IN AN INSURED INTEREST BEARING ACCOUNT AND THE INTEREST WHICH ACCRUES ON THE FUND SHALL BE RETAINED IN THE FUND. THE FUND SHALL BE NONFISCAL AND SHALL NOT BE CONSIDERED IN COMPUTING ANY LEVY WHEN THE MUNICIPALITY MAKES ITS ESTIMATE TO THE EXCISE BOARD FOR NEEDED APPROPRIATIONS. MONEY IN THE LIMITED PURPOSE TAX FUND SHALL BE EXPENDED ONLY AS ACCUMULATED AND ONLY FOR THE PURPOSES SPECIFICALLY DESCRIBED IN THE TAXING ORDINANCE AS APPROVED BY THE VOTERS."
A CARDINAL RULE OF STATUTORY CONSTRUCTION IS THAT WHERE THE LEGISLATURE HAS PLAINLY EVIDENCED ITS INTENT IN STATUTORY LANGUAGE, SUCH LANGUAGE SHALL BE GIVEN ITS PLAIN MEANING AND RESORT TO EXPLANATORY RULES OF STATUTORY CONSTRUCTION IS IMPROPER TO ARRIVE AT A CONTRARY INTERPRETATION IS IMPROPER. CAVE SPRINGS PUBLIC SCHOOL DISTRICT NO. I-30 OF ADAIR COUNTY V. BLAIR, 613 P.2D 1046 (OKLA. 1980). UNDER THE CLEAR LANGUAGE OF SECTION 2701(B), ABOVE, WHERE A CITY OR TOWN HAS ANNOUNCED TO ITS VOTERS ITS INTENT REGARDING THE USE OF A LIMITED-PURPOSE TAX LEVY, IT HAS NO AUTHORITY TO ALTER THAT USE AFTER THE FACT UNTIL AND UNLESS THE USE IS EXHAUSTED, AND THE PURPOSE FOR WHICH THE LEVY WAS INITIALLY MADE HAS BEEN ACCOMPLISHED.
HOWEVER, IF THE PURPOSE FOR WHICH THE LEVY WAS AUTHORIZED HAS, IN FACT, BEEN ACCOMPLISHED, THE CITY OR TOWN CERTAINLY MAY UTILIZE ANY REMAINING FUNDS FOR OTHER PURPOSES. IN ATTORNEY GENERAL OPINION NO. 84-183, THE ATTORNEY GENERAL WAS ASKED WHAT WOULD BE AN APPROPRIATE COURSE TO TAKE IN THE EVENT THAT THE PURPOSES FOR WHICH A SPECIAL FUND HAD BEEN CREATED HAD BEEN EXHAUSTED. THE ATTORNEY GENERAL REPLIED THAT IN SUCH A CASE, THE CITY OR TOWN COULD LEGITIMATELY TRANSFER ANY REMAINING SURPLUS FUNDS TO THE GENERAL FUND OF THE CITY OR TOWN WITHOUT VIOLATING THE TERMS OF ARTICLE X, SECTION 19 OF THE OKLAHOMA CONSTITUTION. OF COURSE, THE DETERMINATION OF WHETHER THE PURPOSES OF THE LIMITED-PURPOSE LEVY HAVE BEEN ACCOMPLISHED IS A QUESTION OF FACT THAT MUST BE REVIEWED BY THE CITY OR TOWN IN EACH INDIVIDUAL INSTANCE.
I HAVE TAKEN THE LIBERTY OF ENCLOSING WITH THIS LETTER A COPY OF ATTORNEY GENERAL OPINION NO. 84-183 FOR YOUR INFORMATION. IF YOU HAVE ANY
(MICHAEL SCOTT FERN)